LEWIS EIDSON *v.* W. F. TATURN, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—418.]

**Ruling on Demurrer—Continuance.**
> Where the court sustains a demurrer to an answer the defendant is entitled to leave to amend it, and where the court overrules a demurrer to his answer, and during the same term on motion of plaintiff the cause is submitted over the defendant's objection and judgment rendered for the plaintiff, such a proceeding cannot be allowed, and the defendant is entitled to a continuance, for if the demurrer to his answer was properly overruled the cause did not stand for trial at that term.

APPEAL FROM OHIO CIRCUIT COURT.

November 23, 1880.

OPINION BY JUDGE HARGIS:

The court overruled the demurrer to the appellant's answer at the first term after the institution of the suit. Subsequent to this action of the court and during the same term, on motion of appellee, the cause was submitted, and judgment rendered in his favor, notwithstanding the answer of appellant which had been determined by the court sufficient in law as a defense.

If the court had sustained the demurrer, even then the appellant would have been entitled to leave to amend his answer. But the court, after deciding that appellant's answer contained a defense to the action, against his objections and without any indication that the answer was sufficient, submitted the cause and rendered a judgment against him. Thus he was deprived of any opportunity to amend, and forced into a trial with a delusive judgment in his favor upon the demurrer, calculated to mislead him from a discovery of the necessity of amending his answer. Such a proceeding cannot be tolerated. He was entitled to a continuance of the cause, as it did not stand for trial at that term, if the demurrer to his answer was properly overruled. If the demurrer should have been sustained he was entitled to knowledge of that fact by an order of the court, and to an opportunity to amend his pleadings, after the court by its ruling, made manifest the necessity.

The judgment is for the sum of five hundred dollars, with interest at the rate of six per cent. per annum from the 24th day of March, 1877, subject to a credit of one hundred dollars paid June 1, 1878. The petition and bond between appellant and appellee show beyond doubt that this part of the judgment was for $100 too much. The note sued on was for $400 instead of $500.

Wherefore the judgment is *reversed* and cause remanded for further proceedings not inconsistent with this opinion.

*J. E. Fogle, for appellant.   Townsend & Massie, for appellees.*